UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| TIKEILA RUCKER,<br>RACHAEL SPRIGGS,<br>DAMON CURRY-MORRIS,<br>AMBER SHERMAN, and<br>LAJUANA ABRAHAM,<br>       Plaintiffs,<br><br>  v.<br><br>SHELBY COUNTY BOARD OF EDUCATION,<br><br>CAROLYN JACKSON, in her official capacity as Chief of Safety and Security for the SHELBY COUNTY BOARD OF EDUCATION,<br>       Defendants. | Case No. _____ |

**VERIFIED COMPLAINT**

1. Plaintiffs Tikeila Rucker, Rachael Spriggs, Damon Curry-Morris, Amber Sherman and LaJuana Abraham (collectively the "Plaintiffs") bring this complaint against the Defendants Shelby County Board of Education (hereinafter "SCBoE") and Carolyn Jackson, in her official capacity as Chief of Safety and Security for the SCBOE ("Defendant Jackson" and collectively with SCBoE the "Defendants") and allege the Defendants are engaged in actively violating the Plaintiffs' constitutional rights by preventing them from attending past and future public meetings of the SCBoE.

## INTRODUCTION

2. Plaintiffs have been barred from all meetings after May 9, 2023 of the SCBoE. Plaintiffs sought entrance to the May 12, 2023 public meeting of the SCBoE and were told that they could not attend by security at the metal detectors at the entrance to the building where the meeting was being held. When asked why they would be banned, police working for the Memphis Police Department ("MPD") told the Plaintiffs that an Authorization of Agency had been issued against them barring them from attending SCBoE meetings and further barred them from being on any property owned or operated by the SCBoE, including all schools operated by the SCBoE. When Plaintiff Rucker asked how long this ban would last, she was told "forever."

3. On May 30, 2023 Plaintiffs Spriggs, Curry-Morris, Sherman, and Abraham attempted to attend a board meeting of the SCBoE and were once again turned away by the MPD officers manning the entrance.

4. On June 9. 2023, all Plaintiffs attempted to attend a public board meeting of the SCBoE and were once again turned away by the MPD officers manning the entrance.

5. Plaintiffs seek nominal damages, a declaration that banning them from public meetings, preventing them from attending public meetings, and imposing a ban on coming on any

SCBoE property is unconstitutional and seek an injunction immediately allowing them to return to attending SCBoE public meetings and to set foot on school grounds.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (1) Defendants have their official residences in this district; (2) a substantial part of the events or omissions giving rise to the claims occurred in this district; and (3) Defendants are subject to the Court's personal jurisdiction because Defendants are a municipal corporation that is located within this district and/or live and reside in this jurisdiction.

## PARTIES

8. Plaintiff Tikeila Rucker ("Rucker") is a resident of Mississippi and a former school teacher with the Memphis Shelby County School system ("MSCS"). She has been a regular attendee at SCBoE meetings and plans to continue to attend such meetings.

9. Plaintiff Rachael Spriggs ("Spriggs") is a resident of Memphis, Tennessee. She has been a regular attendee at SCBoE meetings and plans to continue to attend such meetings.

10. Plaintiff Damon Curry-Morris ("Curry-Morris") is a resident of Memphis, Tennessee. He has been a regular attendee at SCBoE meetings and plans to continue to attend such meetings.

11. Plaintiff Amber Sherman ("Sherman") is a resident of Memphis, Tennessee. She has been a regular attendee at SCBoE meetings and plans to continue to attend such meetings.

12. Plaintiff LaJuana Abraham ("Abraham") is a resident of Memphis, Tennessee. She has been a regular attendee at SCBoE meetings and plans to continue to attend such meetings.

13. Defendant Shelby County Board of Education governs the business operations of Memphis-Shelby County Schools and is comprised of nine (9) elected Board members representing all districts in Shelby County. All regular Business Meetings of the SCBoE are held at the Francis E. Coe Administration Building, 160 S. Hollywood Street (the "Coe Admin Building"), at 5:30 p.m. on the final Tuesday of each month. Members of the public are invited to speak to the SCBoE at Business Meetings during the Public Comment section of the agenda. The SCBoE holds Work Sessions on Tuesdays one week prior to all regular business meetings.

14. Defendant Carolyn Jackson is the current head of Safety and Security for MSCS. In that capacity she has authority to make all final decisions, in connection with the SCBoE, for the people permitted to attend the public meetings of the SCBoE. She is being sued in her official capacity.

**FACTUAL BACKGROUND**

15. The SCBoE is charged with administering the MSCS system. It is comprised of 9 board members and its current chairperson is Althea Green ("Chairperson Green").

16. After a scandal that prompted former Superintendent Joris Ray to resign in August of 2022, members of the SCBoE had promised the public a search process that would help restore trust and confidence in district leadership.

17. Just as the process appeared to be coming to a close, the search veered wildly off course and certain board members questioned the entire process and board policies after an outside search firm presented three candidates. Instead of interviewing these candidates, Chairperson Greene declared a halt to the search and canceled planned interviews with the finalists.

18. All Plaintiffs have actively criticized the SCBoE for its struggles in conducting a meaningful and proper search for a new school superintendent and are aware of the difficulties that plagued previous searches for a top superintendent to serve the MSCS system.

19. The SCBoE has regular board meetings and work sessions that are open to the public under SCBoE policy and under Tennessee's Open Meetings Act. The SCBoE official policy for meetings of the SCBoE is as follows:

### IV. PUBLIC PARTICIPATION AT BOARD MEETINGS

Tennessee law makes no specific provisions for the participation of the public at meetings of local boards of education. Public comment is not permitted at Board Work Sessions. Members of the public desiring to address the Board may do so at Regular Business and Special Called Meetings. Only those Members of the public who submit "Public Comment Cards/Forms" to the Board Chairman prior to the commencement of Business Meetings shall be permitted to address the Board. Public comments shall be taken in the order in which the "Public Comment Cards/Forms" are received.

Not more than, thirty (30) minutes of each Regular Business and Special Called Meeting shall be devoted to public comment as provided on the agenda. Public comments shall be limited to up to 3 (three) minutes per "Public Comment Card/Form"; no recognized speaker may yield his/her time to another speaker. At the discretion of the Chairman, limitations may be placed on the following: 1) a speaker's time to comment; 2) the number of speakers commenting on the same topic; and/or 3) the number of speakers representing the same group or organization.

Speakers will be introduced by the Chairman of the Board at the appropriate time during the agenda. Speakers must state their name, home address, organization he/she is representing, if any, and subject of the presentation before they are permitted to proceed. Speakers may offer objective comments about school operations and programs that concern them. Speakers are asked to refrain from using names of personnel or names of persons connected with the school system, particularly when lodging a complaint. Speakers will not be permitted to engage in gossip, make defamatory comments, or use abusive or vulgar language. The Chairman shall have the authority to terminate the remarks of any individual who is disruptive or does not adhere to Board rules.

All Business Meetings, Special Called Meetings and Work Sessions that are subject to the Tennessee Open Meetings law shall be broadcast live or tape-delayed via radio and/or television.

20. On May 9, 2023, at a special called meeting of the SCBoE, Plaintiffs once again voiced concerns to the SCBoE about the manner and methods undertaken to find and locate a competent and highly qualified candidate for school superintendent.

21. Prior to the May 9, 2023 board meeting each of the Plaintiffs had previously attended and spoken at SCBoE meetings, both regularly scheduled meetings and special meetings. The Plaintiffs are very familiar with the method by which a person registers as a speaker at these events and each of the Plaintiffs had previously spoken at these public meetings without incident. In other words, Plaintiffs have a long history of attending, speaking, and complying with the reasonable time, place manner restrictions imposed by the SCBoE for public participation at SCBoE public meetings.

22. During the course of this May 9. 2023 meeting, Plaintiffs Sherman and Abraham dropped body alarm sounding devices on the floor during the meeting and walked out of the meeting. The body alarms went off for only a few seconds and were promptly picked up and confiscated by security personnel at the meeting. Video of the incident shows no one was hurt, the meeting was only paused for a very brief period, and one SCBoE even rolled her eyes at the interruption.

23. The SCBoE was set to meet again on May 12, 2023. Plaintiffs Rucker, Abraham and Spriggs attempted to gain access to the meeting but were stopped by officers at or around the metal detectors at the front doors of the Coe Admin Building. Plaintiffs were told they were not permitted to enter the meeting and that an "Authorization of Agency" had been issued against them and they were now to keep off SCBoE property or face arrest for criminal trespass. Plaintiff Rucker asked how long this ban would last and she was told that it would last forever and applied to all property within the MSCS system.

24. On May 30, 2023, Plaintiffs Spriggs, Sherman, Curry-Morris and Abraham attempted to attend the SCBoE public meeting for that day. Prior to the meeting Plaintiff Spriggs emailed Defendant Jackson and informed her of an intent to attend the meeting. They were each turned away at or around the metal detectors at the Coe Admin Building.

25. Prior to the June 9, 2023 board meeting, each Plaintiff, except for Plaintiff Sherman, informed Defendant Jackson of their intent to attend the June 9, 2023 public board meeting of the SCBoE and that they believed their constitutional rights were being violated from being barred from these public meetings. Each of the Plaintiffs attempted to attend the June 9, 2023 board meeting and were once again turned away prior to entering the Coe Admin Building around the barricades set up near the entrance of the MSCS property.

26. The SCBoE search for a superintendent continues and because the Plaintiffs have been some of the most vocal critics of the SCBoE's botched search for a new superintendent, the SCBoE is conspiring with Defendant Jackson to keep the Plaintiffs from continuing their work in advocating for an effective and proper search for a new superintendent. Absent the ban, each Plaintiff would attend SCBoE public meetings.

27. Upon information and belief, Defendant Jackson carried out the unconstitutional policy, practice or custom that has led to Plaintiffs being barred from appearing at public meetings of the SCBoE. Upon information and belief, it is the policy, practice or custom for the SCBoE to issue unlawful and unconstitutional Authorization of Agency to empower officers to prevent advocates from attending public meetings of the SCBoE and the SCBoE has failed to train and educate its staff, including Defendant Jackson, on the constitutional rights of members of the public to participate in public meetings of the kind that Plaintiffs have been barred from here.

**CAUSES OF ACTION**

## COUNT I

### VIOLATION OF FIRST AMENDMENT – RIGHT OF ACCESS
### (Under 42 U.S.C. § 1983)

28. Plaintiffs realleges, restates, and incorporates by reference the allegations made in all previous paragraphs.

29. The First Amendment, made applicable to states by the Fourteenth Amendment, prohibits undue restraints on Plaintiffs' freedom of speech.

30. The First Amendment guarantees a right to access government proceedings that have historically been open to the press and general public and where public access plays a significant positive role in the functioning of the process in question. *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, 106 S. Ct. 2735, 92 L. Ed. 2d 1 (1986).

31. In general, public meetings SCBoE are the kind of proceedings protected by the First Amendment right of access. *See, e.g., N.Y.C. Transit Auth.*, 684 F. 3d 286, at 298 (2nd Cir. 2012); *Cyr v. Addison Rutland Supervisory Union*, 60 F. Supp. 3d 536 (D. Vt. 2014).

32. The fact that state law designates SCBoE meetings as open to the public is evidence of the proceedings' historically open nature.

33. Given the foundational nature of education and the importance that the government's public school play in our society, public access to SCBoE meetings hearings plays a significant positive role in ensuring that public schools are appropriately and lawfully administered and in promoting public confidence in systems of public education.

34. Blanket bans of individuals from attending public meetings and hearings violate the First Amendment right of access. *See, e.g., Reza v. Pearce*, 806 F. 3d 497, 506 (9th Cir. 2015); *Walsh v. Enge*, 154 F. Supp. 3d 1113 (E.D. Wash. 2015).

35. By banning Plaintiffs from attending SCBoE public meetings for an indefinite period of time and without any opportunity to appeal or seek review of the decision, Defendants violated Plaintiffs' First Amendment right of access.

36. By excluding Plaintiffs from attending public hearings on May 12, 2023, May 30, 2023, and June 9, 2023, Defendants violated Plaintiffs right of access.[1]

37. Plaintiffs are therefore entitled to declaratory and injunctive relief prohibiting enforcement of the ban, as well as monetary damages against the individual Defendants for the period of enforcement of the ban in an amount reflecting the lost opportunities to attend public hearings of interest to them and the community.

## COUNT II

### VIOLATION OF FOURTEENTH AMENDMENT
### (Under 42 U.S.C. § 1983)

38. Plaintiffs realleges, restates, and incorporates by reference the allegations made in all previous paragraphs.

39. The Fourteenth Amendment to the United States Constitution prohibits deprivations of liberty absent due process.

40. Due process includes notice of the accusations against a person and an opportunity for the person to be heard by a neutral and detached decision-maker.

41. The rights secured by the First Amendment are among the liberty interests protected by the Fourteenth Amendment procedural due process clause.

---

[1] By way of clarification, Plaintiff Rucker did not attempt to attend the May 30, 2023 meeting, but all other Plaintiffs attempted to gain access to the SCBoE meetings on the dates specified in this paragraph.

42. Defendants violated Plaintiffs' Fourteenth Amendment procedural due process rights by depriving them of their First Amendment right to access SCBoE public hearings absent notice of the accusations against them and an opportunity to be heard by an unbiased decision-maker.

43. Defendants violated Plaintiffs' Fourteenth Amendment procedural due process rights by depriving them of their First Amendment right to access SCBoE public hearings absent any prior notice that banning them from future public meetings could be the result of disrupting a single public meeting. Plaintiffs deny that they disrupted the May 9th meeting, but even if they did, under the SCBoE's own policy, the punishment set forth would be limiting speaker time, it does not contemplated and does not inform members of the public that banning them from future meetings could be a consequence for any behavior in a meeting.

44. The absence of any right to appeal or review mechanism for the ban deprives Plaintiffs of their right to procedural due process.

45. Plaintiffs are therefore entitled to declaratory and injunctive relief prohibiting enforcement of the ban, as well as monetary damages against the individual Defendants for the period of enforcement of the ban in an amount reflecting the lost opportunities to attend public hearings of interest to them and the community.

## COUNT III

**VIOLATION OF FIRST AMENDMENT – FREEDOM OF EXPRESSION**
**(Under 42 U.S.C. § 1983)**

46. Plaintiffs realleges, restates, and incorporates by reference the allegations made in all previous paragraphs.

47. Plaintiffs engaged in a pattern of publicly criticizing the SCBoE for its failed, protracted, and disastrous superintendent search consistently since the previous superintendent resigned in disgrace almost a year ago.

48. Plaintiffs' act of displaying and making known their criticism at the May 9, 2023 meeting and numerous meetings prior to May 9, 2023, was expressive conduct protected by the First Amendment.

49. By requiring Plaintiffs to now comply with a new set of rules not imposed upon any other attendees attempting to attend and/or speak at SCBoE meetings, Defendants are creating a content-based prior restraint on the freedom of expression and First Amendment rights of the Plaintiffs.

50. The Defendants' refusal to allow Plaintiffs to attend, record, and speak at SCBoE meetings is not supported by either a compelling or a substantial government interest and is not narrowly tailored to such an interest, nor is it the least restrictive means of accomplishing the government's interest.

51. Plaintiffs are therefore entitled to declaratory relief and monetary damages against the individual Defendants declaratory relief and monetary damages against the individual Defendant for the wrongful termination of their ability to attend SCBoE meetings and express their opinions on matters of public interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that the Court:

a. that service of process be had upon Defendants and that Defendants be required to appear and answer this complaint within the time prescribed by law;

b. temporarily and permanently enjoin the Defendant from enforcing banning any of the Plaintiffs from any future meeting of the Shelby County Board of Education;

 c. declare Defendants conduct in banning Plaintiffs from the May 12, May 30, and June 9 meetings unconstitutional;

 d. award Plaintiffs nominal damages, for the deprivation of their constitutional rights during the period in which their constitutionally protected speech was chilled as a result of being prevented from attending the May 12, May 30, June 9, and any other meeting of the SCBoE;

 e. grant Plaintiffs litigation expenses, costs of suit, and reasonable attorney's fees as provided by law, including but not limited to, pursuant to 42 U.S.C. § 1988; and

 f. grant Plaintiffs such other or further relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Dated: June 13, 2023    Respectfully submitted,

    By: s/ Benjamin A. Gastel
    Benjamin A. Gastel (BPR #28699)
    **Herzfeld, Suetholz, Gastel, Leniski**
     **& Wall, PLLC**
    223 Rosa L. Parks Avenue, Suite 300
    Nashville, TN 37203
    Ph: (615) 800-6225
    Fax: (615) 994-8625
    ben@hsglawgroup.com

    Alyson S. Beridon (BPR #40040)
    **Herzfeld, Suetholz, Gastel, Leniski**
     **& Wall, PLLC**
    425 Walnut St., Suite 2315
    Cincinnati, OH 45202
    Ph: (513) 381-2224
    Fax: (615) 994-8625
    alyson@hsglawgroup.com

    Scott A. Kramer (BPR #19462)
    **The Kramer Law Center**
    P.O. Box 240461
    Memphis, TN 38124
    Ph: (901) 896-8933
    thekramerlawcenter@gmail.com

    *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

| | |
|---|---|
| TIKEILA RUCKER<br>RACHEL SPRIGGS<br>DAMON CURRY-MORRIS<br>AMBER SHERMAN<br>LAJUANA ABRAHAM<br>      Plaintiffs,<br><br>v.<br><br>SHELBY COUNTY BOARD OF EDUCATION,<br><br>CAROLYN JACKSON, individually and in her official capacity as Chief of Safety and Security for the SHELBY COUNTY BOARD OF EDUCATION<br><br>      Defendants. | Case No. _____ |

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1749, I declare under penalty of perjury that paragraphs 15-26 of the Verified Complaint in this matter are true and correct to the best of my knowledge, information and belief.

Executed on June 13, 2023 in Memphis, Tennessee

               DocuSigned by:
               _____
               AD5040B8BC62438...
               Tikeila Rucker