IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

---

TIKEILA RUCKER,
RACHAEL SPRIGGS,
DAMON CURRY-MORRIS,
AMBER SHERMAN, and
LAJUANA ABRAHAM,

      Plaintiffs,

vs.                                   Case No. 2:23-cv-2358

SHELBY COUNTY BOARD OF EDUCATION,
CAROLYN JACKSON, in her official capacity
as Chief of Safety and Security for the SHELBY
COUNTY BOARD OF EDUCATION,

      Defendants.

---

**ANSWER**

---

**COME NOW**, the Defendants, Shelby County Board of Education (hereinafter "SCBOE")

and Carolyn Jackson ("Defendant Jackson" or "Ms. Jackson"), in her official capacity as Chief of

Safety and Security for the Shelby County Board of Education (collectively referred to hereinafter

as the "Defendants"), by and through undersigned counsel of record, and in response to the

separately numbered allegations contained in the Verified Complaint filed by the Plaintiffs, Tikeila

Rucker, Rachael Spriggs, Damon Curry-Morris, Amber Sherman and LaJuana Abraham

(collectively referred to hereinafter as the "Plaintiffs"), would state as follows:

      1.      Defendants, in answering to Paragraph 1 of the Verified Complaint, deny that they

have violated Plaintiffs' constitutional rights as alleged therein, and demand strict proof thereof.

Any additional allegations contained in Paragraph 1 of the Verified Complaint are also denied.

**INTRODUCTION**

2.      Defendants, in answering to Paragraph 2 of the Verified Complaint, deny that Plaintiffs have been barred from all school board meetings after May 9, 2023, as the temporary Authorization of Agency ("AOA") issued for each Plaintiff will cease to prevent Plaintiffs' attendance at meetings by August 10, 2023, at the latest.  These AOAs were extended until August 2023 only because of Plaintiffs' violations of the initially issued AOAs, as set forth in the letters sent to Plaintiffs on May 30, 2023 and May 31, 2023.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs alleged communications and dealings with law enforcement officers employed by the Memphis Police Department ("MPD"), so those allegations are denied. Any additional allegations contained in Paragraph 2 of the Verified Complaint are also denied.

3.      Defendants, in answering to Paragraph 3 of the Verified Complaint, upon information and belief, admit the allegations set forth in this paragraph.

4.      Defendants, in answering to Paragraph 4 of the Verified Complaint, upon information and belief, admit the allegations set forth in this paragraph.

5.      Defendants, in answering to Paragraph 3 of the Verified Complaint, state that Plaintiffs' Complaint speaks for itself.  However, to the extent that a response is required, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding what relief Plaintiffs are seeking in this litigation, so those allegations are denied.  Any additional allegations contained in Paragraph 5 of the Verified Complaint are also denied, including any allegation or implication that Defendants violated any law or that Plaintiffs are entitled to any of the relief that they seek.

**RESPONSE TO JURISDICTION AND VENUE**

6. Defendants, in answering to Paragraph 6 of the Verified Complaint, admit that this Court has jurisdiction over the present case.

7. Defendants, in answering to Paragraph 7 of the Verified Complaint, admit this Court is the proper venue to adjudicate this dispute.

**PARTIES**

8. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding the current location Plaintiff Tikeila Rucker's residence or her future plans, so those allegations are denied. The remaining allegations contained in Paragraph 8 of the Verified Complaint are admitted.

9. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding the current location Plaintiff Rachel Springs residence or her future plans, so those allegations are denied. The remaining allegations contained in Paragraph 9 of the Verified Complaint are admitted.

10. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding the current location Plaintiff Damon Curry-Morris residence or his future plans, so those allegations are denied. The remaining allegations contained in Paragraph 8 of the Verified Complaint are admitted.

11. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding the location Plaintiff Amber Sherman's residence or her future plans, so those allegations are denied. The remaining allegations contained in Paragraph 11 of the Verified Complaint are admitted.

12.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding the location Plaintiff LaJuana Abraham's residence or her future plans, so those allegations are denied.  The remaining allegations contained in Paragraph 12 of the Verified Complaint are admitted

13.     Defendants admit the allegations contained in Paragraph 13 of the Verified Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the Verified Complaint.

## FACTUAL BACKGROUND

15.     Defendants admit the allegations contained in Paragraph 15 of the Verified Complaint.

16.     Defendants, in answering to Paragraph 16 of the Verified Complaint, only admit that the SCBOE is conducting a search for a new superintendent for the school district, wherein public input is invited.  Any additional allegations contained in Paragraph 16 of the Verified Complaint are denied.

17.     Defendants, in answering to Paragraph 17 of the Verified Complaint, admit that the search process has been temporarily paused.   Any additional allegations contained in Paragraph 17 of the Verified Complaint are denied.

18.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding the activities Plaintiffs have engaged in, so those allegations are denied. Any additional allegations contained in Paragraph 18 of the Verified Complaint are also denied.

19.     Defendants admit the allegations contained in Paragraph 19 of the Verified Complaint.

20.     Defendants admit the allegations contained in Paragraph 20 the Verified Complaint.

21.     Defendants, in answering to Paragraph 21 of the Verified Complaint, admit that Plaintiffs previously attended and have spoken at SCBOE meetings. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' knowledge regarding and familiarity with the rules that must be adhered to speak at a SCBOE meetings or their respective histories with attending, speaking, or complying with the United States Constitution, so those allegations are denied.  Any additional allegations contained in Paragraph 21 of the Verified Complaint are also denied.

22.     Defendants, in answering to Paragraph 22 of the Verified Complaint, admit that two (2) of the Plaintiffs intentionally set off panic alarms during the May 9, 2023 meeting. Defendants further admit that their security officers successfully located and confiscated the alarms which Plaintiffs intentionally triggered within a minute.  Any additional allegations contained in Paragraph 22 of the Verified Complaint are denied.

23.     Defendants, in answering to Paragraph 23 of the Verified Complaint, admit that a school board meeting was scheduled for May 12, 2023.  Upon information and belief, Defendants further admit that Plaintiffs Rucker, Abraham and Spriggs attempted to access the meeting and were stopped as alleged on the basis of the AOAs issued in light of the conduct at the May 9, 2023 meeting.  Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding what was communicated to Plaintiffs Rucker, Abraham, and

Spriggs on May 12, 2023, so those allegations are denied. Any additional allegations contained in Paragraph 23 of the Verified Complaint are also denied.

24.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Verified Complaint, so any allegations contained therein are denied.

25.     Defendants admit the allegations contained in Paragraph 25 of the Verified Complaint.

26.     Defendants, in answering to Paragraph 26 of the Verified Complaint, admit that, to date, the next superintendent has not been located. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' respective plans or intentions, so those allegations are denied.  Any additional allegations contained in Paragraph 26 of the Verified Complaint are also denied.

27.     Defendants deny the allegations contained in Paragraph 27 of the Verified Complaint.

## CAUSES OF ACTION

## COUNT I

### VIOLATION OF FIRST AMENDMENT – RIGHT OF ACCESS
### (Under 42 U.S.C. § 1983)

28.     Defendants re-assert their responses to all of the foregoing paragraphs, and deny any allegation or implication that they violated any law.

29.     Defendants, in answering to Paragraph 29 of the Verified Complaint, admit that the First and Fourteenth Amendments protect, *inter alia*, the reasonable exercise of freedom of speech, but deny that any undue restraints on Plaintiffs' enjoyment thereof have been committed by

Defendants. Any additional allegations contained in Paragraph 29 are also denied, including any allegation or implication that Defendants violated any law.

30.     Defendants, in answering to Paragraph 30 of the Verified Complaint, state that allegations contained therein calls for a legal conclusion which do not require a response, and that the Supreme Court's ruling in *Press-Enterprise Co. v. Superior Court*, cited in this paragraph, speaks for itself.

31.     Defendants, in answering to Paragraph 31 of the Verified Complaint, admit that, in general and absent certain circumstances, the ability to attend the school board meetings is a right protected by the First Amendment, but denies any additional allegations, including any allegation or implication that Defendants violated any law.

32.     Defendants admit the allegations contained in Paragraph 32 of the Verified Complaint.

33.     Defendants, in answer to Paragraph 33 of the Verified Complaint, admit the allegations contained in this paragraph.

34.     Defendants deny the allegations contained in Paragraph 34 of the Verified Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Verified Complaint.

36.     Defendants deny the allegations contained in Paragraph 36 of the Verified Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Verified Complaint.

## COUNT II

### VIOLATION OF FOURTEENTH AMENDMENT
### (Under 42 U.S.C. § 1983)

38.     Defendants re-assert their responses to all of the foregoing paragraphs, and deny any allegation or implication that they violated any law.

39.     Defendants admit the allegations contained in Paragraph 39 of the Verified Complaint.

40.     Defendants admit that due process, in part, may include notice and opportunity to be heard. Any additional allegations are denied, including any allegation or implication that Defendants violated any law.

41.     Defendants admit the allegations contained in Paragraph 41 of the Verified Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Verified Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Verified Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Verified Complaint.

45.     Defendants deny the allegations contained in Paragraph 45 of the Verified Complaint.

## COUNT III

### VIOLATION OF FIRST AMENDMENT – FREEDOM OF EXPRESSIOPN
**(Under 42 U.S.C. § 1983)**

46.     Defendants re-assert their responses to all of the foregoing paragraphs, and deny any allegation or implication that they violated any law.

47.     Defendants deny the allegations contained in Paragraph 47 of the Verified Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Verified Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Verified Complaint.

50.     Defendants deny the allegations contained in Paragraph 50 of the Verified Complaint.

51.     Defendants deny the allegations contained in Paragraph 51 of the Verified Complaint.

The rest of the Verified Complaint contains a Prayer for Relief to which no admission or denial is needed.  To the extent that a response is required by the Court, the Defendants deny any allegations contained in Plaintiffs' Prayer for Relief, deny any allegation or implication that Defendants have violated any law, and deny that the Plaintiffs are entitled to any of the relief that they seek.

### AFFIRMATIVE DEFENSES

1.     Defendants assert that Defendant Jackson, who at all times was acting within the course and scope of her official governmental capacity, and was exercising discretion in her decision-making processes as to the issuance of the AOAs temporarily restricting Plaintiffs' access

9

to school board meetings because of their conduct at the May 9, 2023 meeting, was acting in

accordance with applicable legal principles, and as such, is therefore entitled to qualified immunity

in this action and should not be held personally liable.

2.    To the extent that any of the allegations in the Verified Complaint are deemed

hereafter by the Court to have required an affirmative admission or denial, and which have not

been responded to as such, Defendants hereby deny the same and demand strict proof thereof.

Respectfully submitted,

**SPENCE PARTNERS**

By:    /s/ Andrew M. Horvath
Robert L.J. Spence, Jr. (BPR #12256)
Andrew M. Horvath (BPR #33862)
Jarrett M.D. Spence (BPR #34577)
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spencepartnerslaw.com
ahorvath@spencepartnerslaw.com
jspence@spencepartnerslaw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of July, 2023, a true and correct copy of the foregoing
has been filed with the Court via the Court's ECF system, and that upon filing, a copy will be sent
via the Court's ECF system to all registered parties in the case.

/s/ Andrew M. Horvath