UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| TIKEILA RUCKER, *et al*.<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SHELBY COUNTY BOARD OF EDUCATION, *et al*.<br>　　　　　　　　　　Defendants. | Case No. 2:23-cv-2358 |

**STANDARD TRACK SCHEDULING ORDER**

Pursuant to Local Rule 16.2, a scheduling conference was held on August 1, 2023. Present were Benjamin A. Gastel, Alyson Beridon, and Scott Kramer as counsel for plaintiff, and Andrew Horvath and Robert L. Spence, Jr. as counsel for defendant. Prior to the scheduling conference, on July 11, 2023, Andrew Horvath and Benjamin Gastel met and conferred in compliance with Federal Rule of Civil Procedure 26(f).

The following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: August 15, 2023

**MOTIONS TO JOIN PARTIES**: October 2, 2023

**MOTIONS TO AMEND PLEADINGS**: October 2, 2023

**MOTIONS TO DISMISS**: November 3, 2023

**ALTERNATIVE DISPUTE RESOLUTION:**

　　(a) **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** October 24, 2023

　　(b) **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)**:

　　　　**Mediator's Name:** [insert name of mediator]
　　　　**Stipulation Filing Date:** [insert date of filing of stipulation of selection of mediator]
　　　　　　(If the parties fail to agree upon a Mediator before or during the Rule 16 scheduling conference, the Court shall select a Mediator for the case from

      the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY**: April 30, 2024

 (a) **WRITTEN DISCOVERY**: March 29, 2024
 (b) **DEPOSITIONS**: April 30, 2024

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

 (a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: February 27, 2024
 (b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: March 29, 2024
 (c) **EXPERT WITNESS DEPOSITIONS**: April 30, 2024

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: May 15, 2024

**SUPPLEMENTATION UNDER RULE 26(e)(1)**: April 30, 2024

**FILING DISPOSITIVE MOTIONS**: May 31, 2024

**JOINT PROPOSED PRETRIAL ORDER DUE**: _____

**PRETRIAL CONFERENCE DATE**: _____

**NON-JURY TRIAL**: _____,20\_\_ at 9:30 a.m. Trial is anticipated to last approximately 2-3 days.

 The parties **do not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

 As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

 No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

This case is set for a non-jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 2-3 days.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*

IT IS SO ORDERED, this ___ day of _____, 20__.

_____
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE