IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

**TIKEILA RUCKER,**
**RACHAEL SPRIGGS,**
**DAMON CURRY-MORRIS,**
**AMBER SHERMAN, and**
**LAJUANA ABRAHAM,**

      Plaintiffs,

vs.   Case No. 2:23-cv-2358-SHL-cgc

**SHELBY COUNTY BOARD OF EDUCATION,**
**CAROLYN JACKSON, in her official capacity**
**as Chief of Safety and Security for the SHELBY**
**COUNTY BOARD OF EDUCATION,**

      Defendants.

**DEFENDANT CAROLYN JACKSON'S MEMORANDUM OF LAW IN SUPPORT
OF HER MOTION TO DISMISS PURSUANT TO FED. CIV. P. 12(b)(6)
ON THE BASIS OF QUALIFIED IMMUNITY**

      **COMES NOW** Defendant Carolyn Jackson (hereinafter referred to as "Ms. Jackson"), by and through undersigned counsel of record, and submits this Motion to Dismiss Pursuant to Fed. Civ. P. 12(b)(6) on the basis of Qualified Immunity (hereinafter the "Motion"). Specifically, Ms. Jackson submits the following:

      **I.**      **INTRODUCTION**

      Following the Court's Order Denying the Motion for Preliminary Injunction filed by Plaintiffs, Tikeila Rucker, Rachael Spriggs, Damon Curry-Morris, Amber Sherman and Lajuana Abraham (collectively the "Plaintiffs"), Ms. Jackson moves for dismissal on the basis of qualified immunity as a matter of law.  More exactly, Ms. Jackson's decision to temporarily preclude

Plaintiffs' attendance at School Board meetings through implementation of now-expired Authorization(s) of Agency ("AOAs") – i.e., the premise of Plaintiffs' entire lawsuit – was unequivocally an exercise of discretion in her official capacity as the Chief of Safety and Security for the Shelby County Board of Education ("SCBOE") which did **not** "violate a clearly established right." Harlow v. Fitzgerald, 457 U.S. 800, 802, 102 S. Ct. 2727, 2729, 73 L.Ed.2d 396, 400 (1982).

## II. LEGAL STANDARD

### A. Motion to Dismiss

When considering a motion pursuant to Fed. Civ. P. 12(b)(6), a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion so long as they are referred to in the Complaint and are central to the claims contained therein." Bassett v Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008). The evidence must be construed "in the light most favorable to the plaintiff, [the court must] accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). However, a court "need not accept as true legal conclusions or unwarranted factual inferences" in the plaintiff's complaint. Gregory v Shelby County, 220 F.3d 433, 446 (6th Cir 2000).

### B. Qualified Immunity

The doctrine of qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate 'clearly established' statutory or constitutional rights of which a reasonable person would have known." Harlow, supra, at 802. The Sixth Circuit has determined the purpose of this doctrine "is to protect [government officials] 'from undue interference with

their duties and from potentially disabling threats of liability.'" Sample v. Bailey, 409 F.3d 689, 695 (6th Cir. 2005) (quoting Elder v. Holloway, 510 U.S. 510, 511, 114 S. Ct. 1019, 1021, 127 L.Ed.2d 344, 348 (1994).

To determine whether "the right which the official allegedly violated is 'clearly established,' the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 636, 107 S. Ct. 3034, 3037, 97 L.Ed.2d 523, 528 (1987).  The Sixth Circuit considers "whether the violative nature of particular conduct is clearly established…in light of the specific context of the case, not as a broad general proposition." Garza v. Lansing Sch. Dist., 972 F.3d 853, 878 (6th Cir. 2020) (citing Mullenix v. Luna, 577 U.S. 7, 136 S. Ct. 305, 308, 193 L. Ed. 2d 255 (2015)).

Once qualified immunity is raised as a defense, "the plaintiff bears the burden of showing that the [official] is not entitled to qualified immunity." Nelson v. City of Battle Creek, 802 F. App'x 983, 986 (6th Cir. 2020).

### C. Ms. Jackson is entitled to Qualified Immunity as her official actions as Chief of Security did not violate a clearly established right of the Plaintiffs

For purposes of this final section, Ms. Jackson relies upon the Court's factual findings and legal conclusions set forth in its *Order Denying Plaintiffs' Motion for Preliminary Injunction* (ECF no. 38), particularly because it cites to actual evidence and testimony adduced during an evidentiary hearing in this case.

Ms. Jackson, in her official capacity as the Chief of Safety and Security for the SCBOE, has sole decision-making authority with regard to how safety concerns are addressed when they arise in SCBOE meeting or on SCBOE property, without the need for input from the Board. *Order*, pg. ID #399.  One of the means available to her to address safety concerns is by the issuance of an AOA. *Order*, pg. ID #400.

At the May 9, 2023 School Board meeting, there were two (2) separate instances involving Plaintiffs in which the proceedings were disrupted, which were (1) an incident at the podium and (2) the setting off of panic alarms. The deployment of the panic alarms was intentional, *Order*, pg. ID #401, which caused attendees to immediately look for the source of the noise, at least one attendee to attempt to plug her ears, and which resulted in a clear disruption of the meeting. *Order*, pg. ID #408. Following the disruption caused by the panic alarms, Ms. Jackson received reports that Board members panicked, staff no longer felt safe sitting with their backs to the audience, and that alleged threats were made to officers, among other things. *Order*, pg. ID #402. Consequently, Ms. Jackson concluded that Plaintiffs' conduct presented safety concerns, which Plaintiffs did not rebut with any evidence. *Order*, pg. ID #402, 409. Based upon these developments, acting in her official capacity as Chief of Safety and Security, Ms. Jackson had AOA's issued to temporarily ban Plaintiffs from SCBOE meetings "to emphasize to them that their conduct on May 9 was unacceptable." *Order*, pg. ID #411. Ms. Jackson advised Plaintiffs of the AOA's via written correspondence on May 30, 2023 and May 31, 2023 respectively. *Order*, pg. ID #402-404.

As the Court noted, Plaintiffs' First Amendment right to speak is not absolute, and depends upon the context of the speech and the government's reasons for attempting to restrict the same. *Order*, pg. ID #407; citing <u>Lowery v. Jefferson Cnty. Bd. of Educ.</u>, 586 F.3d 427, 432 (6th Cir. 2009). Indeed, school board meetings – like those at issue herein – are limited public forums, wherein the government may regulate the time, place and manner of speech so long as the regulation is (1) content-neutral, (2) narrowly-tailored to serve a significant governmental interest, and (3) leaves open ample alternative channels for communication. *Order*, pg. ID #407; citing <u>Lowery</u>, at 432. As emphasized by the Court's reliance upon <u>Lowery</u>, prospective regulation of attendance and/or speech at school board meetings to address safety concerns serves a significant

governmental interest of ensuring that other attendees' voices are heard without interference, and is not categorically prohibited. *Order*, pg. ID #409-411; citing Lowery, at 433; Lovern v. Edwards, 190 F.3d 648, 650-5 (4th Cir. 1999); and Barna v. Bd. of Sch. Dirs. Of Panther Valley Sch. Dist., 877 F.3d 136, 140-45 (3d Cir. 2017). On these bases, the Court found that "because the ban [effectuated through Ms. Jackson's implementation of the AOA's] is tied to both disruptions and safety concerns, a temporary prospective exclusion may be justified, particularly given that Plaintiffs' bans are relatively short compared to the indefinite bans that other courts have upheld for plaintiffs who presented safety concerns." *Order*, pg. ID #411. The Court's conclusion was reached even if the AOA's were not the least restrictive means possible for obtaining the desired goal of ensuring safety at future SCBOE meetings. *Order*, pg. ID #411.

In light of the foregoing, Plaintiffs have not identified any legal authority or evidence that supports a contention that Ms. Jackson's issuance of the AOAs amounted to an unconstitutional restriction on a clearly established constitutional right in this setting of school board meetings where they were unequivocally disruptive and caused palpable concern and panic among other attendees. Furthermore, the Court noted that the authority Plaintiffs relied on to establish their constitutional right to free speech was violated were all inapposite from the instant matter. *Order*, pg. ID #411.

Based upon the extant law and the evidence adduced at the parties' hearing on Plaintiffs' Motion for Preliminary Injunction, it has not been clearly established that Ms. Jackson's actions were taken for any reason *other than* to address what she rightly deemed a safety concern. Plaintiffs have provided no evidence that the AOA's issued by Ms. Jackson were because of their viewpoints on the SCBOE's superintendent search. To the contrary, arguments they have made to further this point militates against their position, as other (non-disruptive) individuals who were

also critical against the SCBOE did not receive AOA's, since their conduct did not pose safety concerns.

Summarily, Ms. Jackson's issuance of the AOA's against Plaintiffs did not violate a clearly established constitutional right. As such, she is entitled to qualified immunity, for which she seeks an Order from the Court dismissing her from the Plaintiffs' lawsuit.

### III.     CONCLUSION

Based on the foregoing, Ms. Jackson respectfully asks the Court to grant her Motion to Dismiss Pursuant to Fed. Civ. P. 12(B)(6) on the Basis of Qualified Immunity.

Respectfully submitted,

**SPENCE PARTNERS**

By:     /s/ Andrew M. Horvath
Robert L.J. Spence, Jr. (BPR #12256)
Andrew M. Horvath (BPR #33862)
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
Office: (901) 312-9160
Facsimile: (901) 521-9550
rspence@spencepartnerslaw.com
ahorvath@spencepartnerslaw.com

*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2023, a true and correct copy of the foregoing has been filed with the Court via the Court's ECF system, and that upon filing, a copy will be sent via the Court's ECF system to all registered parties in the case.

/s/ Andrew M. Horvath