UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| TIKEILA RUCKER,<br>RACHAEL SPRIGGS,<br>DAMON CURRY-MORRIS,<br>AMBER SHERMAN, and<br>LAJUANA ABRAHAM,<br>                        Plaintiffs,<br><br>v.<br><br>SHELBY COUNTY BOARD OF<br>EDUCATION,<br><br>CAROLYN JACKSON, in her official<br>capacity,<br><br>                        Defendants. | Case No. 2:23-cv-02358<br><br>**Honorable Sheryl H. Lipman** |

# PLAINTIFFS' OPPOSITION TO DEFENDANT CAROLYN JACKSON'S MOTION TO DISMISS

# INTRODUCTION

Carolyn Jackson ("Jackson" and collectively with SCBoE, the "Defendants") unconstitutionally banned Plaintiffs from Shelby County Board of Education property by issuing Authorizations of Agency ("AoA") against Plaintiffs ostensibly because the Plaintiffs allegedly disrupted a May 9, 2023 board meeting.

Jackson now moves this Court, principally based on the record established at the Motion for Temporary Injunction, for dismissal of claims against her for monetary damages claiming qualified immunity protects her from such claims.

Although Plaintiffs disagree that Jackson is entitled to qualified immunity, given the nature of the proof gleaned at the Hearing on the Motion for Temporary Injunction and Plaintiffs better understanding of the policy at issue in this case, Plaintiffs have filed a Motion for Leave to File a First Amended Complaint which clarifies that Plaintiffs will not, at this stage, seek monetary damages against Jackson. (DE# 42.) This complaint will moot the issues raised in the pending motion to dismiss.

Should the Court desire to rule on the motion, Plaintiffs maintain that Jackson is not entitled to qualified immunity.

# FACTUAL BACKGROUND

On May 9, 2023, Plaintiffs attended a regular meeting of the SCBoE. (Verified Complaint ¶ 20.) As has been the case in recent months, the meeting largely surrounded the ongoing search for a new superintendent for Memphis Shelby County Schools ("MCSC"). (Verified Complaint ¶¶ 17-18; 20.)

1

Plaintiffs have been active participants at SCBoE meetings prior to May 9, 2023 and have been strong critics of the shambolic search by SCBoE to fill the superintendent position. (Verified Complaint ¶¶ 47-48.) During the course of the May 9, 2023 meeting, two Plaintiffs, Plaintiff Sherman and Plaintiff Abraham dropped noise making devices while leaving the meeting. (Verified Complaint ¶ 22.)

Plaintiffs then attempted to attend the May 12, 2023 meeting of the SCBoE but were turned away at the metal detector at the entrance to the Francis E. Coe Administration Building, 160 Hollywood St., (the "Coe Admin Building"). (Verified Complaint ¶ 23.) Plaintiff Rucker was told the ban would last forever and applied to all property within the MSCS system, not just the Coe Admin Building (hereinafter referred to as the "Ban" as it applies to all Plaintiffs). (Verified Complaint ¶ 23.) Eventually, the Plaintiffs were told the bans were only temporary and would expire in July and August of 2023.

On May 30, 2023, Plaintiffs Spriggs, Sherman, and Abraham attempted to attend the SCBoE public meeting for that day. (Verified Complaint ¶ 24.) Prior to the meeting Plaintiff Spriggs emailed Defendant Jackson and informed her of an intent to attend the meeting. (Verified Complaint ¶ 24.) They were each turned away at the metal detectors at the Coe Admin Building. (Verified Complaint ¶ 24.)

Prior to the June 9, 2023 board meeting, each Plaintiff informed Defendant Jackson of their intent to attend the June 9, 2023 public board meeting of the SCBoE and that they believed their constitutional rights were being violated from being barred from these public meetings. (Verified Complaint ¶ 25.) Each of the Plaintiffs

attempted to attend the June 9, 2023 board meeting and were once again turned away at the metal detectors at the front of the Coe Admin Building. (Verified Complaint ¶ 25.)

As is clear from the Complaint and the record at the hearing for Motion for Temporary Injunction, three plaintiffs did not drop any panic alarms but were nonetheless punished with bans. Plaintiff Damon Curry-Morris received a ban for filing a police report and was not even present at the May 9, 2023 meeting when the noise makers were set off.

## ARGUMENT

On a Rule 12 Motion, the Court must construe the Plaintiffs' complaint in the light most favorable to them, and accept the complaint's allegations as true, drawing all reasonable inferences in favor of the Plaintiffs. *Crugher v. Prelesnik,* 761 F.3d 610, 614 (6th Cir. 2014). "The defendant has the burden to show that the plaintiff failed to state a claim for relief." *Coley v. Lucas Cnty., Ohio,* 799 F.3d 530, 537 (6th Cir. 2015). To survive a motion to dismiss, a complaint must present facts that, if accepted as true, sufficiently "state a claim to relief that is plausible on its face." *Id.*

To determine whether qualified immunity applies, we use a two-step analysis: "1) viewing the facts in the light most favorable to the plaintiff, we determine whether the allegations give rise to a constitutional violation; and 2) we assess whether the right was clearly established at the time of the incident." *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013).

"The key inquiry is whether a defendant claiming qualified immunity 'was on

3

notice that his alleged actions were unconstitutional.'" *Coley*, 799 F.3d 530 at 540.

## I. A Constitutional Violation Occurred.

"Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. This prohibition applies to state and local governments through the Fourteenth Amendment. *44 Liquormart v. Rhode Island*, 517 U.S. 484, 488 n.1 (1996).

The First Amendment guarantees a right to access to government proceedings that have historically been open to the press and general public and where public access plays a significant positive role in the functioning of the process in question. *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8, 106 S. Ct. 2735, 92 L.Ed.2d 1 (1986).

In general, public meetings SCBoE are the kind of proceedings protected by the First Amendment right of access. *See, e.g., New York C.L. Union v. New York City Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012); *Cyr v. Addison Rutland Supervisory Union*, 60 F. Supp. 3d 536 (D. Vt. 2014).

A "major purpose of [the First] Amendment was to protect the free discussion of government affairs." *Globe Newspaper v. Superior Ct.*, 457 U.S. 596, 604 (1982) (internal quotation marks omitted). Accordingly, "[i]t is now well established that the Constitution protects the right to receive information and ideas." *Stanley v. Georgia*, 394 U.S. 557, 564 (1969). The Sixth Circuit has recognized that there is "a limited First Amendment right of access to certain aspects of the executive and legislative branches." *See Detroit Free Press v. Ashcroft*, 303 F.3d 681, 695 (6th Cir. 2002).

Blanket bans of individuals from attending public meetings and hearings violate the First Amendment right of access. *See, e.g., Reza v. Pearce*, 806 F.3d 497, 507 (9th Cir. 2015); *Walsh v. Enge*, 154 F. Supp. 3d 1113 (E.D. Wash. 2015).

In *Ritchie v. Coldwater Community Schools*, the Western District of Michigan confronted a similar ban on a participant attending. 947 F. Supp. 2d 791 (2013). There, Plaintiff also had issued against him a trespass order that prevented him from attending board meetings. In denying the defendant's motion for summary judgment the Court held as follows:

> As for the remaining aspect of [Plaintiff's] First Amendment claim, [Plaintiff] has a First Amendment right to attend and speak at School Board meetings. Because the ASC is the regular site of School Board meetings, [Plaintiff's] right to attend and speak at those meetings necessarily included a limited right to access the ASC to attend the meetings. Because Corporal Miller's order banned [Plaintiff] from entering the ASC for all purposes, the order violated Ritchie's First Amendment rights.

*Ritchie v. Coldwater Cmty. Sch.*, 947 F. Supp. 2d 791, 820 (W.D. Mich. 2013), *clarified on denial of reconsideration*, No. 1:11-CV-530, 2013 WL 12421757 (W.D. Mich. July 29, 2013).

This is the exact situation now faced by this Court. The Ban is a blanket prohibition from Plaintiffs setting foot on any public property of the SCBoE and they were issued, to at least three Plaintiffs, that were not even directly involved in the ostensible basis for the Ban: the setting off of the noise makers at the May 9, 2023 meeting.

Similarly, in *Walsh v. Enge*, the District Court addressed a 60-day ban from

5

public meetings based on a disruption at a previous meeting. 154 F. Supp. 3d 1113 (D. Oregon 2015). In granting the plaintiff summary judgment the Court summarized its robust analysis of the law as follows:

> Even drawing all reasonable inferences in Defendants' favor, to prospectively exclude Walsh, or any other individual, based on a past incident, or even several past incidents, of disruption is not exclusion from a given meeting for actual disruption: it is an impermissible prospective exclusion for possible or assumed disruption in the future. None of the justifications offered by Defendants show that *1134 PCC § 3.15.020B.5.b is reasonable in light of the purpose of the forum. The Court declines Defendants' invitation to be the first federal court in the nation to uphold such a broad prospective exclusion ordinance. The Court grants the permanent injunctive and declaratory relief Walsh seeks.

*Id*. at 1133–34. (D. Or. 2015). As the Court made clear, it did not find a single incident in federal case law that allowed for such bans based on previous disruption at a meeting.

At least three plaintiffs received bans without any direct evidence that they disrupted the May 9 meeting. This is a clear violation of the First Amendment.

### II. Defendant Jackson Was Made Aware That The Bans Violated Plaintiffs' First Amendment Rights.

As the Complaint makes clear, Plaintiffs alerted Jackson that the bans violated the constitution. (Verified Complaint ¶ 25.) The key inquiry is whether a defendant claiming qualified immunity "was on notice that his alleged actions were unconstitutional." *United Pet Supply, Inc. v. City of Chattanooga*, 768 F.3d 464, 485 (6th Cir.2014) (quoting *Grawey v. Drury*, 567 F.3d 302, 313 (6th Cir.2009)).

The inquiry "must be undertaken in light of the specific context of the case, not

6

as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 599, 160 L. Ed. 2d 583 (2004)).

Therefore at this stage of the litigation, it is clear that Defendants had sufficient knowledge that banning the Plaintiffs from SCBoE property violated their constitutional rights and they nevertheless persisted with the bans until they expired and actively kept the Plaintiffs from the property even after being alerted to the problematic nature of the bans.

Further, as case law makes clear, as cited above and the temporary injunction papers, ample case law supports the idea that these types of bans are not consistent with the First Amendment. *See, e.g., Reza v. Pearce*, 806 F.3d at 597; *Walsh v. Enge*, 154 F. Supp. 3d at 1115-16.

## CONCLUSION

The Court should allow Plaintiffs amendment to the complaint consistent with the previously filed Motion for Leave (DE# 42) and this will moot Jackson's motion to dismiss.

In the event that the Court wishes to take up the issue of qualified immunity on the present operative complaint, for the reasons articulated above, the motion should be denied.

Dated: September 12, 2023

Respectfully submitted,

By: s/ *Benjamin A. Gastel*
Benjamin A. Gastel (BPR #28699)
**Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC**
223 Rosa L. Parks Avenue, Suite 300
Nashville, TN 37203
Ph: (615) 800-6225
Fax: (615) 994-8625
ben@hsglawgroup.com

Alyson S. Beridon (BPR #40040)
**Herzfeld, Suetholz, Gastel, Leniski & Wall, PLLC**
600 Vine St., Ste 2720
Cincinnati, OH 45202
Ph: (513) 381-2224
alyson@hsglawgroup.com

Scott A. Kramer (BPR #19462)
**The Kramer Law Center**
P.O. Box 240461
Memphis, TN 38124
Ph: (901) 896-8933
thekramerlawcenter@gmail.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served via Electronic Mail on this the 12th day of September, 2023 on all counsel of record.

Robert L. J. Spence, Jr.
Andrew M. Horvath
Jarrett M.D. Spence
Cotton Exchange Building:
65 Union Avenue, Suite 900
Memphis, Tennessee 38103
rspence@spencepartnerslaw.com
ahorvath@spencepartnerslaw.com
jspence@spencepartnerslaw.com

/s/ *Benjamin A. Gastel*
Benjamin A. Gastel