## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| TIKEILA RUCKER, RACHAEL SPRIGGS, DAMON CURRY-MORRIS, AMBER SHERMAN AND LAJUANA ABRAHAM, <br><br> Plaintiffs, <br><br> v. <br><br> SHELBY COUNTY BOARD OF EDUCATION, CAROLYN JACKSON, in her official capacity as Chief of Safety and Security for the SHELBY COUNTY BOARD OF EDUCATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. 2:23-cv-02358-SHL-cgc

## ORDER GRANTING PLAINTIFFS' MOTION TO AMEND AND DENYING DEFENDANT CAROLYN JACKSON'S MOTION TO DISMISS

Before the Court are two motions. The first is Defendant Carolyn Jackson's Motion to Dismiss Pursuant to Fed. Civ. P. 12(b)(6), filed August 15, 2023. (ECF No. 41.) In the motion, Jackson asserts that the claims against her should be dismissed based on qualified immunity. Plaintiffs Tikeila Rucker, Rachael Spriggs, Damon Curry-Morris, Amber Herman and Lajuana Abraham filed their response on September 12, 2023. (ECF No. 43.) Jackson filed her reply on September 26, 2023. (ECF No. 45.)

The second motion is Plaintiffs' Motion for Leave to File First Amended Complaint, filed September 11, 2023. (ECF No. 42.) The amendment is necessary, according to Plaintiffs, to clarify that they are not seeking monetary damages against Jackson in her individual capacity, to add additional claims for certain Plaintiffs and to modify the injunctive relief they are seeking. According to Plaintiffs, granting the motion to amend renders moot Jackson's argument that she

is entitled to qualified immunity, thus warranting denial of the motion to dismiss.  Defendants filed their response on September 25, 2023.  (ECF No. 44.)

For the following reasons, Plaintiffs' motion to amend is **GRANTED** and Jackson's motion to dismiss is **DENIED**.  Plaintiffs are **ORDERED** to file the amended complaint (ECF No. 42-2) separately on the docket within five days of the entry of this order.

### BACKGROUND

Plaintiffs filed this lawsuit on June 13, 2023, alleging that the Shelby County Board of Education (the "Board") and Jackson, its Chief of Safety and Security, violated their First and Fourteenth Amendment rights under 42 U.S.C. § 1983 by unlawfully preventing them from attending the Board's meetings.[1]

In the original complaint,[2] Plaintiffs allege that they attended a special meeting of the Board on May 9, 2023, at the Board's Francis E. Coe Administration Building in Memphis. (ECF No. 1 at PageID 4, 6.)   Plaintiffs, self-described as "some of the most vocal critics of the [Board]'s botched search for a new superintendent," came to the meeting to voice their concerns about the superintendent search.  (ECF No. 1 at PageID 5–7.)  During the meeting, Plaintiffs Sherman and Abraham dropped body alarm sounding devices on the floor, causing a brief pause in the meeting before they walked out.  (Id.)   Rucker, Abraham and Spriggs returned to another Board meeting three days later, but were denied entry and were informed that an Authorization of Agency ("AOA") had been issued against them, subjecting them to charges of criminal

---

[1] The day after filing their complaint, Plaintiffs filed a motion for preliminary injunction. (ECF No. 8.)  The Court held a hearing on that motion on July 13 (ECF No. 30), and denied the motion on August 4 (ECF No. 38).

[2] The Court only discusses the facts that are pertinent to the motions.  The facts taken from the complaint (ECF No. 1), and, where relevant, the amended complaint (ECF No. 42-2), are accepted as true for purposes of ruling on the motions.

trespass if they returned to the Board's property.  (Id.)  When Spriggs, Sherman, Curry-Morris and Abraham attempted to attend the May 30 Board meeting, they were similarly turned away. (Id. at 7.)  Each of the Plaintiffs were again turned away from the Board's June 9 meeting.  (Id.)[3]

Plaintiffs allege that the Board is conspiring with Jackson "to keep the Plaintiffs from continuing their work in advocating for an effective and proper search for a new superintendent." (Id.)  Plaintiffs contend that it is the Board's "policy, practice or custom" to issue unlawful and unconstitutional AOAs, and that it has failed to train and educate its staff, including Jackson, on the constitutional rights of members of the public to participate in public meetings.  (Id.) According to Plaintiffs, Jackson has carried out the unconstitutional policy, practice or custom that has led to them being barred from attending the Board's public meetings.  (Id.)   Plaintiffs allege that Jackson's actions violated their rights under the First and Fourteenth Amendments. (Id. at PageID 8–11.)

Jackson seeks dismissal of the claims against her, asserting that she is entitled to qualified immunity because her decision to issue the AOAs that temporarily prevented Plaintiffs from attending Board meetings was "unequivocally an exercise of discretion in her official capacity as the Chief of Safety and Security for the [Board] which did **not** 'violate a clearly established right.'"  (ECF No. 41-1 at PageID 423–24.)

Plaintiffs counter that the filing of their amended complaint moots the arguments in the motion to dismiss, insofar as the amended complaint no longer seeks monetary damages against Jackson.  (ECF No. 43 at PageID 462.)  Plaintiffs further assert that, even if the Court conducts a

---

[3] The AOAs that prevented Plaintiffs from attending the Board's meetings have expired and they are once again permitted to attend the Board's meetings.  (See ECF No. 41 at PageID 421; ECF No. 45 at PageID 477.)

Rule 12(b)(6) analysis of the allegations in the original complaint, Jackson is not entitled to qualified immunity.  (Id. at PageID 464–68.)

According to Jackson, Plaintiffs' motion to amend should be denied because, even if Plaintiffs are allowed to remove the claims for monetary damages against Jackson, the complaint is still subject to dismissal for failure to state a claim under Rule 12(b)(6), rendering amendment futile.  Moreover, Jackson asserts that the proposed amendments also lack a factual basis in the record, rendering them futile as well.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15(a)(2) instructs courts to freely allow the filing of amended complaints "when justice so requires."  "But a court need not grant a motion to amend when the reason for amendment is improper, 'such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  Skatemore, Inc. v. Whitmer, 40 F.4th 727, 737 (6th Cir.), cert. denied, 143 S. Ct. 527 (2022) (quoting Parchman v. SLM Corp., 896 F.3d 728, 736 (6th Cir. 2018)); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (explaining that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").  "An amendment is futile when, after including the proposed changes, the complaint still 'could not withstand a Rule 12(b)(6) motion to dismiss.'"  Skatemore, 40 F.4th at 737 (quoting Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010)).

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for failure to comply with the requirements of Rule 8(a)(2).  Fed. R. Civ. P. 12(b)(6).  Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint must contain sufficient facts to "state a claim to relief that is plausible on its face," meaning it includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007)).  The complaint need not set forth "detailed factual allegations," but it must include more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s]' devoid of 'further factual enhancement.'"  Id. (citing Twombly, 550 U.S. at 555, 557).  When considering a 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Adkisson v. Jacobs Eng'g Grp., Inc., 790 F.3d 641, 647 (6th Cir. 2015) (internal citation omitted).

## ANALYSIS

These two motions are intertwined, requiring consideration of whether Plaintiffs' proposed amendment is futile or actually defeats Jackson's motion to dismiss.  As is explained below, there is good cause to grant Plaintiffs' motion to amend and, because the law does not support Jackson's argument that she is entitled to qualified immunity under either iteration of the complaint, her motion to dismiss is denied.

To begin, motions to amend require consideration of several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and

futility of amendment." <u>Wade v. Knoxville Util. Bd.</u>, 259 F.3d 452, 458 (6th Cir. 2001).  None of these grounds, including futility, which is the sole basis Defendants argue for denying the motion, provides a basis for denial.

First, there is no undue delay.  Plaintiffs filed their lawsuit on June 13, 2023 (ECF No. 1), and sought a preliminary injunction that was resolved less than two months later (ECF No. 38). On September 11, 2023, less than a month after Jackson filed her motion to dismiss and well before the October 2, 2023 deadline to amend pleadings, Plaintiffs filed their motion to amend. (<u>See</u> ECF No. 36 at PageID 192.)

Similarly, there is no lack of notice.  Plaintiffs indicate that they reached out to Defendants to discuss the proposed amendment on September 7, before they filed the motion and before the deadline to amend the pleadings expired.  (ECF No. 42-1 at PageID 435.)

Nor is there any suggestion of bad faith on the part of Plaintiffs.  As they explain, they "only seek to amend to clarify their claims regarding monetary damages against Ms. Jackson and to conform the complaint to the record following the hearing on their motion for temporary injunction and additional claims for certain plaintiffs."  (<u>Id.</u> at PageID 436.)  These are, in other words, the typical sort of circumstances in which parties move to amend their complaint.  There is no suggestion that Plaintiffs are operating in bad faith.

Given that this is Plaintiffs' first motion to amend their complaint, there also has not been a repeated failure to cure deficiencies by previous amendments.

As for undue prejudice, "[a]n amendment is prejudicial where it 'require[s] the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay[s] the resolution of the dispute.'"  <u>Dickson v. NPSG Glob., LLC</u>, No. 2:20-cv-2814-SHM-tmp, 2021 WL 3575112, at *3 (W.D. Tenn. Aug. 12, 2021) (quoting <u>Phelps v.</u>

McClellan, 30 F.3d 658, 662–63 (6th Cir. 1994)).  No such concerns are present here.  The case is still in its relative infancy.  The written discovery deadline is more than four months away, the dispositive motion deadline is more than six months away and the trial is almost a year off.  (See ECF No. 36.)

Finally, and most relevant given Defendants' arguments in opposition to the motion to amend, amendment would not be futile.  Plaintiffs repeatedly emphasize that their claims against Jackson would not be futile because they are not suing her for monetary damages in her individual capacity, making qualified immunity inapplicable.  It is accurate, as Plaintiffs assert, that "qualified immunity 'only immunizes defendants from monetary damages'—not injunctive or declaratory relief."  J. Endres v. Ne. Ohio Med. Univ., 938 F.3d 281, 302 (6th Cir. 2019) (quoting Kanuszewski v. Mich. Dep't of Health and Human Servs., 927 F.3d 396, 417–18 (6th Cir. 2019)).  Plaintiffs' amended complaint makes it clear that the relief they now seek from Jackson is not monetary, making the qualified immunity defense inapplicable.

But even more fundamentally, the defense of qualified immunity is inapplicable to official capacity claims against government officials, which is the basis for Plaintiffs' claims against Jackson in the amended complaint.  (See ECF No. 42-2 at PageID 440 (naming Jackson "in her official capacity" in the case caption); id. at PageID 441 (asserting that "Plaintiffs . . . bring this amended complaint against the Defendants Shelby County Board of Education . . . and Carolyn Jackson, in her official capacity"); id. at PageID 444 ("[Jackson] is being sued in her official capacity.").) [4]

---

[4] There is ambiguity as to whether Plaintiffs sued Jackson in her individual capacity in the original complaint.  The case caption atop the complaint names Jackson in her official capacity only, whereas Rucker's verification page lists Jackson both individually and in her official capacity.  (See ECF No. 1 at PageID 1, 13.)  The original complaint also indicates Plaintiffs are seeking monetary damages against Jackson individually, which also suggests that

Shifting to consideration of Jackson's motion as well, as described above, a qualified immunity defense is "available only to individual government officials sued in their personal capacity." Nugent v. Spectrum Juv. Just. Servs., 72 F.4th 135, 143 (6th Cir. 2023) (quoting United Pet Supply, Inc. v. City of Chattanooga, 768 F.3d 464, 484 (6th Cir. 2014)). "As qualified immunity protects a public official in his individual capacity from civil damages, such immunity is unavailable to the public entity itself or the official acting in his official capacity." Everson v. Leis, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (citing Hall v. Tollett, 128 F.3d 418, 430 n.7 (6th Cir. 1997)); see also United Pet Supply, 768 F.3d at 484 ("We have always understood qualified immunity to be a defense available only to individual government officials sued in their personal capacity.") Ultimately, "[s]uing a municipal officer in his official capacity for a constitutional violation pursuant to 42 U.S.C. § 1983 is the same as suing the municipality itself." Kraemer v. Luttrell, 189 F. App'x 361, 366 (6th Cir. 2006) (citations omitted).

Therefore, an official capacity claim, such as those Plaintiffs allege here against Jackson, "is merely another name for a claim against the municipality" and "[c]laims asserted against the municipality are not entitled to the qualified-immunity defense." Essex v. Cnty. of Livingston, 518 F. App'x 351, 354 (6th Cir. 2013) (citations omitted). Jackson's assertion that Plaintiffs have failed to state a claim against her in the original and amended complaints based on her entitlement to qualified immunity is unsupported by the law. The remaining bases Jackson asserts for dismissing the complaint and denying the motion to amend are also baseless.[5] As

_____

they aimed to sue her in her individual capacity. (See ECF No. 1 at PageID 9, 10, 11.) The amended complaint resolves this ambiguity by only naming Jackson in her official capacity.

[5] Both Plaintiffs and Defendants argue the merits of Jackson's qualified immunity defense. As they acknowledge, "[q]ualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged

Jackson acknowledges, the parties are early "in the discovery process." (ECF No. 44 at PageID 473.) Her argument that the additional claims in the proposed amended complaint are unsupported by the record as it stands today does not support a finding that those claims would be futile based on an inability to survive a Rule 12(b)(6) motion to dismiss. Plaintiffs' allegations are sufficient at this stage.

## CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to amend is **GRANTED** and Jackson's motion to dismiss is **DENIED**.

**IT IS SO ORDERED,** this 28th day of November, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, (1982)). Because Jackson is not entitled to qualified immunity for claims brought against her in her official capacity, engaging in that analysis is unnecessary.