# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| TIKEILA RUCKER, RACHAEL SPRIGGS, DAMON CURRY-MORRIS, AMBER SHERMAN AND LAJUANA ABRAHAM, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 2:23-cv-02358-SHL-cgc |
| SHELBY COUNTY BOARD OF EDUCATION, CAROLYN JACKSON, in her official capacity as Chief of Safety and Security for the SHELBY COUNTY BOARD OF EDUCATION, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PRETRIAL ORDER

Plaintiffs Tikeila Rucker, Rachael Spriggs, Damon Curry-Morris, Amber Sherman, and Lajuana Abraham and Defendant Shelby County Board of Education submitted their Joint Proposed Pretrial Order on October 11, 2024. (ECF No. 64.) A Pretrial Conference was held on October 18, 2024. (ECF No. 68.) This case is set for a non-jury trial to begin on Monday, October 28, 2024, at 9:30 a.m. in Courtroom 1.

The matters set forth in the following Pretrial Order are consistent with the Court's rulings at the Pretrial Conference and with the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (ECF No. 63), filed on October 10, 2024, which limited the remaining material issues for trial.

1. **JURISDICATIONAL ISSUES**:

    No party contests jurisdiction.

2. **PENDING MOTIONS:**

   None.

3. **CONTENTIONS OF THE PARTIES (Including Liability and Damages):**

   *Plaintiffs*: Plaintiffs maintain that banning Plaintiffs from all school property violated their First and Fourteenth Amendment rights as outlined in the Complaint and that Shelby County Board of Education's policies related to banning citizens engaged in public comment at board meetings is a per se violation of their First Amendment rights and seek a declaration that the Shelby County Board of Education's current policy related to instituting such bans are unconstitutional in that they fail to adequately protect the First Amendment rights of citizens like the Plaintiffs. Plaintiffs seek constitutional damages in an amount to be proven at trial and seek compensatory damages for Plaintiff Damon Curry-Morris in an amount of $9,046.

   *Defendants*: Defendants contend that temporary bans are permitted under the First Amendment in limited public forums. In addition, Defendants contend that their decision to seek the Authorizations of Agency (AOA) from the Memphis Police Department (MPD) was compliant with the First and Fourteenth Amendment of the United States Constitution, as the temporary bans were narrowly tailored, served a significant governmental interest, and allowed for ample channels of communication.

4. **STATEMENT OF UNCONTESTED FACTS:**

   a. On May 9, 2023, the Shelby County Board of Education (SCBOE) held a school board meeting, and one of the topics for discussion was the on-going effort to locate and hire a new superintendent.

   b. Plaintiffs, all of whom had been critical of the SCBOE's search process, attended the meeting and had the opportunity to speak during the period set aside for public

   comments.

   c. The effect of the AOAs was to ban all plaintiffs from all SCBOE property.

   d. On or around May 31, 2023, Defendant Jackson issued letters to the Plaintiffs informing them of the length of their ban. Ms. Rucker, Mr. Curry-Morris, and Rachel Spriggs were banned until June 11, 2023. Ms. Sherman and Ms. Abraham were banned until August 10, 2023.

   e. All bans have expired and no new bans have been issued to the Plaintiffs during the pendency of this case.

   f. The SCBOE board meetings and school property are limited public forum for purposes of First Amendment protections.

5. **AGREED UPON LIST OF CONTESTED ISSUES OF FACT:**

   a. Whether the AOAs constituted content-based infringements of Plaintiff Curry-Morris' speech.

   b. Whether the AOAs were valid time, place, and manner restrictions on the remaining plaintiffs.

   c. Whether Defendant SCBOE's official agency policies were unlawful and/or whether the actions taken by officials with decision-making authority were unlawful.

6. **AGREED UPON LIST OF CONTESTED ISSUES OF LAW:**

   a. Whether Defendants violated Plaintiffs' First Amendment rights by seeking AOAs that prevented Plaintiffs from entering school property during the pendency of the ban.

   b. Whether the AOAs are reasonable and content neutral and conform to the requirements of the First Amendment.

   c. Whether Plaintiffs made any statement that constituted a true threat that could justify

adverse action against them.

d. Whether the AOAs violated Plaintiffs' Rights to Due Process.

e. Whether the AOAs were issued consistent with SCBOE policies and/or Memphis Police Department policies.

7. **LIST OF EXHIBITS:**

*Plaintiffs*:

| Exhibit No. | Description | Stipulated or Objection | Nature of Objection |
|---|---|---|---|
| 1 | Video of May 9, 2023 Board Meeting | Stipulated | |
| 2 | Collective Exhibit of Initial Ban Letters to Plaintiffs Dated May 30, 2023 | Stipulated | |
| 3 | Collective Exhibit of Initial Ban Letters to Plaintiffs Dated May 31, 2023 | Stipulated | |
| 4 | Collective Exhibit of AOAs to Plaintiffs Dated May 31, 2023 | Stipulated | |
| 5 | Policy 0000 – School Board Meetings | Stipulated | |
| 6 | Policy 4011 Threats of Violence | Stipulated | |
| 7 | Policy 7011 Visitors to Schools and District Locations | Stipulated | |
| 8 | June 7, 2023 Email from Lt. Trina Johnson to Carolyn Jackson | Stipulated | |
| 9 | June 2, 2023 Email from Meredith Pierce to Carolyn Jackson | Stipulated | |
| 10 | Security Footage from May 9, 2023 Special Called Board Meeting | Stipulated | |
| 11 | Video of Plaintiffs Being Served AOA | Stipulated | |
| 12 | May 2023 Email correspondence on mediation | Stipulated | |

| 13 | MPD AOA Policy | Stipulated | |

Plaintiff also reserves the right to use any trial exhibits identified by the Defendants.

*Defendants*:

Defendant may use the following exhibits at trial, all of which have been stipulated to:

1. First Amended Complaint.

2. Letter dated 5-30-2023 from Memphis-Shelby County Schools (Plaintiff Abraham's Deposition "Dep.", Ex. 1).

3. Letter dated 5-31-2023 from Memphis-Shelby County Schools (Plaintiff Abraham's Dep., Ex. 2).

4. Letter dated 5-30-2023 from Memphis-Shelby County Schools (Plaintiff Sherman's Dep., Ex 1).

5. Letter dated 5-30-2023 from Memphis-Shelby County Schools (Plaintiff Sherman's Dep., Ex 2).

6. Letter dated 5-30-2023 from Memphis-Shelby County Schools (Plaintiff Curry-Morris' Dep., Ex 1).

7. Letter dated 5-31-2023 from Memphis-Shelby County Schools (Plaintiff Curry-Morris' Dep., Ex. 2).

8. Letter dated 5-30-2023 from Memphis-Shelby County Schools (Plaintiff Spriggs' Dep., Ex. 1).

9. Letter dated 5-31-2023 from Memphis-Shelby County Schools (Plaintiff Spriggs' Dep., Ex. 2).

10. Letter dated 5-30-2023 from Memphis-Shelby County Schools (Plaintiff Rucker's Dep., Ex. 1).

11. Letter dated 5-31-2023 from Memphis-Shelby County Schools (Plaintiff Rucker's Dep., Ex. 2).

12. Video (Jackson's Dep., Ex. 1).

13. May 30 letters from Ms. Jackson (Jackson Dep., Ex. 2).

14. May 31 letters from Ms. Jackson (Jackson Dep., Ex. 3).

15. MPD letters of agency (Jackson Dep., Ex. 4).

16. Ms. Jackson's responses (Jackson Dep., Ex. 5).

17. Policy 0000 SCBOE (Jackson Dep., Ex. 6).

18. Policy 4011 SCBOE (Jackson Dep., Ex. 7).

19. Policy 4053 SCBOE (Jackson Dep., Ex. 8).

20. Policy 7011 SCBOE (Jackson Dep., Ex. 9).

21. Video (Green's Dep., Ex. 1).

22. Policy 0000 (Green's Dep., Ex. 2).

23. Plaintiff Sherman's Facebook posts;

24. May 9, 2023 Citizens Speaking Before the Board Sign-Up Sheet.

25. Memphis Police Department Letter of Agency, Arrest Authorization, Ocasio Fuqua.

26. March 4, 2024 Email Exchange/Thread between Carolyn Jackson and Joan Tuggers.

27. June 7, 2024 Email Exchange/Thread between Carolyn Jackson and Trina Johnson, et al.

28. Video made by Plaintiff Sherman at the May 30, 2023 SCS School Board Meeting.

8. **LIST OF WITNESSES:**

   *Plaintiffs*:

   | Name | To Appear Live or by Deposition |
   |---|---|
   | Lajuana Abraham | Live |
   | Damon Curry-Morris | Live |
   | Tikeila Rucker | Live |
   | Amber Sherman | Live |
   | Rachel Spriggs | Live |
   | Sarah Carpenter-Owens | Live |
   | Althea Green | Live |
   | Sheleah Harris | Live |
   | Keith Williams | Live |
   | Carolyn Jackson | Live |

   Plaintiffs reserve the right to call any additional witnesses for impeachment and rebuttal and any witness identified by defendants.

   *Defendants*:

   <u>Defendant will call the following witnesses at trial and all will be called live:</u>

   1. Carolyn Jackson

   <u>Defendant may call the following witnesses at trial and all will be called live if used:</u>

   1. Tikeila Rucker
   2. Rachel Spriggs
   3. Damon Curry-Morris
   4. Amber Sherman
   5. Lajuana Abraham
   6. Sarah Carpenter
   7. Michelle McKissack
   8. Althea Greene
   9. Stephanie P. Love

   10. Kevin Woods

   11. Keith Williams

   12. Frank Johnson

   13. Amber Huett-Garcia

   14. Joyce Dorse Coleman

   15. Any witnesses identified by Plaintiffs

   16. Any witnesses necessary for impeachment and rebuttal

9. **ESTIMATED LENGTH OF TRIAL: 2 Days**

10. **AMOUNT OF ASCERTAINABLE DAMAGES: $9,046**

11. **NAMES OF ALL ATTORNEYS INTERESTED IN THE CASE:**

   - Benjamin A. Gastel with Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC
   - Alyson S. Beridon with Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC
   - Robert L. J. Spence Jr. with Spence Partners
   - Jarrett M.D. Spence with Spence Partners
   - Scott A. Kramer with The Kramer Law Center

12. **LIST OF ANY SPECIAL EQUIPMENT:**

   - Counsel's work computers
   - Access to the Courts video distribution system
   - Both Parties have been instructed to test their equipment before trial

**IT IS SO ORDERED**, this 18th day of October, 2024.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE
